**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ROVER ANTONIO VILLANUEVA-GOMEZ,

Petitioner,

v. Case No. 1:26-cv-02433 KWR-LF

WARDEN, *Torrance County Detention Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso,*
*U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR,
*Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen who has been detained by ICE since January 12, 2026. This is Petitioner's second habeas petition. As explained below, Petitioner's Petition is not well-taken and therefore is **DENIED**. Petitioner has not demonstrated that the length of his detention violates his due process rights or entitles him to immediate release.

In his prior habeas petition, Petitioner in part (1) challenged the adequacy of the bond hearing he received under 8 U.S.C. § 1226 and (2) asserted that his detention is prolonged in violation of due process.

Petitioner is a citizen of Venezuela. Petitioner entered the United States on or about June 6, 2022. Doc. 7 at 1. He asserts he was detained by ICE on January 12, 2026. Doc. 1 at 6. He is currently detained by ICE at the Torrance County Detention Center in New Mexico.

On or about March 5, 2026, an immigration judge held a bond hearing pursuant to 8 U.S.C. § 1226(a) and ordered that Petitioner be detained for the following reasons:

> Flight risk, lack speculative forms of relief, questionable sponsor, lack of ties to the community and manner of entry into the United States. In the alternative, Hurtado applies and the Court lacks jurisdiction.

Doc. 7-1 at 1. Importantly, both parties agree that Petitioner received a bond hearing under 8 U.S.C. § 1226, and no party asserts that Petitioner was mandatorily detained under § 1225(b)(2)(A). On June 24, 2026, an immigration judge entered an order of removal. Doc. 7 at 2. Petitioner filed an appeal of the order of removal, therefore it appears that the removal order is not final.

On May 27, 2026, the Court denied Petitioner's prior habeas petition. *See* Order, *Villanueva Gomez v. Mullin,* 1:26-cv-01412 KWR/KRS (D.N.M.), Doc. 7. The Court reasoned that Petitioner challenged the discretionary bond decision of the immigration judge under § 1226(a). Petitioner asserted that the immigration judge's findings of flight risk were flawed in various ways. The Court concluded it lacked jurisdiction to reconsider the immigration judge's flight risk findings. Petitioner also asserted that his alleged prolonged detention violated due process. The Court rejected that argument.

In this case, Petitioner primarily asserts that his prolonged detention violates due process. He asserts that he was detained on January 12, 2026, received a bond hearing on March 5, 2026, and remains detained. Petitioner has not carried his burden to show that his detention is prolonged and violates due process, or that he is entitled to a second bond hearing or release. To be sure, some courts have held that noncitizens detained under § 1226(a) pending a decision on removal

are entitled to a bond hearing after their detention becomes prolonged. The Second Circuit held that detainees are entitled to an *additional* bond hearing after their detention becomes prolonged. *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020). On the other hand, the Third and Ninth Circuits found that § 1226(a) did not entitle the petitioner to an *additional* bond hearing after detention becomes prolonged. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022).[1] The Court need not decide which line of cases to follow. Here, Petitioner received a bond hearing approximately five months ago, and therefore he has received the remedy for prolonged detention. Petitioner has not demonstrated that he is entitled to release. Notably, in the cases above the remedy contemplated was an additional bond hearing. Petitioner has not asserted that he requested an additional bond hearing and that request was denied.

Alternatively, Petitioner has not demonstrated how his seven-month detention is prolonged in violation of due process. Petitioner summarily asserts a due process claim, but does not analyze his claim or submit authority in support of his claim. Considering the burden of proof as well as principle of party presentation, the Court declines to adjudicate a due process claim *sua sponte* without briefing by the parties. Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court

[1] The Court notes that these decisions were fact-dependent, and the opinions generally did not rule out finding prolonged detention under different factual circumstances.

to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Petitioner is also responsible for asserting his own arguments and claims, and the Court is not required to argue on his behalf or act as his counsel. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him."); *see also* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced."). These principles apply even where a party is pro se. Although pro se pleadings should be construed liberally, a district court may not act as a pro se party's advocate, advancing arguments or facts on their behalf. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("At the same time, we do not believe it is the proper function of the district court to assume the role of

advocate for the pro se litigant."). Moreover, pro se parties must comply with the same procedural rules and law as counseled parties. *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994). Here, Petitioner failed to argue or carry his burden to show a due process violation for prolonged detention.

*Next*, the Court notes that Petitioner does not argue that his current detention violates substantive due process. However, Petitioner summarily argues that his detention is punitive. *See* Doc. 1 at 6. Petitioner has substantive due process rights. *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981) ("[A]n excluded alien in physical custody within the United States may not be 'punished' without being accorded the substantive ... due process guarantees of the Fifth Amendment."). Respondents may violate a noncitizen's substantive due process rights if immigration detention becomes punitive. *Id.* Nevertheless, "the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." *United States v. Salerno*, 481 U.S. 739, 746 (1987).

In an unpublished decision, the Tenth Circuit held that a noncitizen detained for more than three years pending a decision on removal proceedings under § 1226(a) was not entitled to relief for indefinite detention under *Zadvydas*. *See Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012). It reasoned that the end of his detention remained reasonably forseeable because he was detained pending a decision on whether he was to be removed from the United States, and there was nothing in the record to suggest that the petitioner was unremovable. *Id.*

Here, Petitioner has asserts that his detention is punitive, but does not expressly raise substantive due process. Petitioner has been detained for approximately seven months, and he does not present any facts suggesting that a decision on his removal will not occur, or that his detention is merely punitive. Petitioner was detained on or about January 12, 2026. He received a bond

hearing on March 5, 2026. An immigration judge held a bond hearing under § 1226(a) and concluded that he was a flight risk. A removal order was entered on June 24, 2026, and Petitioner filed an appeal of his removal order. Petitioner has not argued or presented evidence that his removal proceedings will not be adjudicated or processed. Therefore, it is clear that Petitioner is being detained pending a decision on his removal, not to merely punish him. Moreover, his detention is reasonably related to the legitimate governmental purpose of adjudicating his removal and ultimately removing him from the country. Based on the arguments and record before the Court, the Court declines to find that Petitioner's substantive due process rights have been violated based on the length of his detention pending a decision on his removal proceedings. Therefore, Petitioner's substantive due process claim fails.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk's office shall terminate Respondents' pending Motion to Dismiss (Doc. 7). The Court interpreted Respondents' Motion to Dismiss as an answer to the Petition, as set forth in the Court's Order to Answer.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE